IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ramon Mitchell, )
    Petitioner, )
     )
v. ) 1:09cv32 (AJT/IDD)
     )
Warden, Green Rock Correctional Center, )
    Respondent. )

## MEMORANDUM OPINION

Ramon Mitchell was a Virginia inmate when he filed this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of possession of crack cocaine with intent to distribute following a bench trial in the Circuit Court for the City of Newport News. Respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits. Petitioner subsequently sought and was granted leave to amend his petition to add an additional claim, and respondent filed a supplemental response. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed replies and amended replies to both of respondent's responses. For the reasons that follow, petitioner's claims must be dismissed.

### I.

On June 12, 2006, Mitchell was convicted by the Circuit Court for the City of Newport News of possession of crack cocaine with intent to distribute, in violation of Virginia Code § 18.2-248. Commonwealth v. Mitchell, R. No. 55788-05. Resp. Ex. 1.[1] The opinion of the Fourth Circuit Court

---

[1] Mitchell also was convicted of assaulting a police officer, and was sentenced for that offense to serve twelve (12) months in prison, with six (6) months suspended. Resp. Ex. 1. However, in

1

of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> The evidence proved that Detective A. J. Matthews testified a confidential informant told him on May 4, 2004 that crack cocaine was sold inside a residence at 1211 25th Street in Newport News that day. The informant also stated that crack cocaine was still present inside the residence. The informant had provided reliable information in the past that had led to ten arrests and eight convictions and had never been unreliable. Matthews drove by the residence and instructed the informant to indicate the residence to which he was referring, which the informant did. Matthews testified that 1211 25th Street was a multi-story residence with steps leading up to a front porch. Matthews' observation matched the informant's description of the house as one with steps leading up to a door that opened into the only residence on that floor. The informant told Matthews that the only adult male at the residence was a black man approximately 5'6" or 5'7" with a slight build whom informant knew as 'Mo.'
>
> A magistrate issued a search warrant to enter the first floor burgundy door of 1211 25th Street based on information provided by Matthews. On May 10, 2004, Matthews revisited the residence to ensure 'nothing had changed.' Once there, Matthews noticed that the door of the residence had been changed from burgundy to white, which Matthews wrote in his notes. Later that day, Matthews and other officers executed the search warrant, finding appellant inside the residence, along with $448 in U. S. currency and eight rocks of cocaine.

Mitchell v. Commonwealth, R. No. 3147-06-1 (Va. Ct. App. May 23, 2007). Resp. Ex. 2. Following his conviction, Mitchell was sentenced to serve twenty (20) years in prison with sixteen (16) years suspended, for a total of four years active incarceration. Resp. Ex. 1. In addition, Mitchell was

---

subsequent proceedings, the Virginia Supreme Court granted Mitchell a writ of habeas corpus limited to the issue of the denial of his right to appeal that conviction. Mitchell v. Warden, Green Rock Corr. Center, R. No. 362706 (Nov. 21, 2008). Resp. Ex. 7. On March 3, 2009, appellate counsel was appointed to represent Mitchell on the belated appeal, Resp. Ex. 8, and when this federal petition was filed and at least until the respondent submitted his Motion to Dismiss, the appeal of the assault conviction remained pending. Resp. Brief at 3. Therefore, only the lawfulness of the conviction of cocaine possession is at issue in this federal proceeding.

2

placed on two years' supervised probation following his release from custody. Id.[2]

Mitchell prosecuted a direct appeal of his conviction, arguing that: (1) the trial court erred in denying his motion to suppress, and (2) the evidence was insufficient to convict him of possessing cocaine with the intent to distribute. Mitchell v. Commonwealth, supra; Resp. Ex. 2 at 1 - 2. Mitchell's appeal was denied on May 23, 2007, and a three-judge panel refused Mitchell's petition for further review on September 28, 2007. Resp. Ex. 3. The Virginia Supreme Court refused Mitchell's second-tier appeal on February 15, 2008. Mitchell v. Commonwealth, R. No. 071911 (Va. Feb 15, 2008). Resp. Ex. 4. Mitchell's conviction became final for purposes of federal review ninety days later, on or about May 16, 2008.[3]

Meanwhile, on March 15, 2008, Mitchell filed a application for state habeas corpus relief in the Virginia Supreme Court; the petition subsequently was amended with additional argument. Resp. Ex. 5, 6. In addition to reiterating the position that the motion to suppress was wrongfully denied and contending that he was denied the right to appeal his assault conviction, see n. 1, supra, Mitchell claimed that he received ineffective assistance of counsel when his attorney failed to introduce a utility bill at the suppression hearing and failed to correct a mistake at sentencing concerning the amount of cocaine the police discovered. On November 21, 2008, Mitchell's claims relevant to the

---

[2]During the pendency of this federal proceeding, Mitchell was released from incarceration. (Docket # 26) Mitchell was directed to show cause why his habeas corpus application had not thereby been rendered moot (Docket # 27), and he responded by pointing out correctly that his claims are not moot because he continues to serve the probationary portion of his sentence. (Docket # 28); see Hensley v. Municipal Court, 411 U.S. 345 (1973) (custody requirement for habeas corpus purposes is met if petitioner is on probation, parole or bail).

[3]See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

cocaine conviction were determined to be without merit and accordingly were dismissed with prejudice. Mitchell v. Warden, Green Rock Corr. Center, R. No. 080448 (Va. Nov. 21, 2008). Resp. Ex. 7. Mitchell submitted this federal petition on January 6, 2009,[4] making the following allegations:

> 1. He was denied effective assistance of counsel when his first trial attorney failed to introduce exculpatory evidence in the form of a utility bill.
>
> 2. He was denied effective assistance of counsel when his second trial attorney failed to present evidence which would have called into question the credibility of the Commonwealth's case and might have altered the outcome of the trial.
>
> 3. The Virginia Supreme Court's dismissal of his state habeas corpus petition constituted fraud upon the court and is a void judgment.

In a subsequent amendment to the petition, Mitchell added the following claim:

> 4. He received ineffective assistance of counsel when his attorney failed to object when the court considered and relied upon inaccurate information at sentencing.

On April 9, 2009, respondent filed a Rule 5 Answer to the petition, as well as Motion to Dismiss Mitchell's claims with a supporting brief and exhibits. (Docket ## 11 - 13) By Order dated June 1, 2009, Mitchell was allowed to amend his petition to add claim 4, as listed above (Docket # 18), and respondent filed a supplemental response opposing that claim on July 15, 2009. (Docket # 24). Mitchell has submitted a response to the Motion to Dismiss followed by two amended responses (Docket ## 21 - 23), and also has filed an answer to respondent's supplemental response.

---

[4] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Mitchell certified that his petition was placed in the prison mailing system on January 6, 2009. Pet. at 15.

(Docket # 25). Because Mitchell has exhausted his claims as required under 28 U.S.C. § 2254,[5] this matter is now ripe for review on the merits.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously

---

[5]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III.

In his first claim, Mitchell argues that he was denied effective assistance of counsel when his first trial attorney failed to introduce exculpatory evidence in the form of a utility bill at the suppression hearing. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir.

2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Mitchell raised the same claim he makes in this federal petition in his state habeas corpus proceeding, the Supreme Court of Virginia rejected his argument on the following holding:

> In claim (1), petitioner alleges he was denied the effective assistance of counsel because counsel failed to rebut testimony from a police officer who, during a search of Petitioner's apartment, found a 'Cox cable bill' bearing petitioner's name and the home's address. As the 'cable bill' was not introduced at trial, petitioner contends that it did not exist and could not support a finding that petitioner constructively possessed the drugs found in the apartment. In addition, petitioner argues that counsel should have introduced a utility bill bearing petitioner's name and a different address and a picture depicting multiple mailboxes in front of the apartment home to demonstrate that the officers had illegally searched a 'multi dwelling sub unit.'
>
> The Court holds that claim (1) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript and the affidavit of counsel, demonstrates that the search warrant was based on information from a reliable confidential informant who had witnessed petitioner selling crack cocaine at the residence. In addition to finding the 'cable bill,' officers found petitioner inside a bedroom, and a large sum of money, which petitioner claimed as his. Introduction of a utility bill and a picture of the mailboxes would not have diminished the probable cause for the search warrant or undermined evidence that petitioner constructively

> possessed the drugs found in his room. Furthermore, the police officers testified that the residence was located in a multi-unit dwelling and that they searched the specific residence implicated by the informant. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mitchell v. Warden, supra. Resp. Ex. 7 at 3 - 4.

For the reasons expressed in its opinion, and after review of the record, the Virginia Supreme Court's rejection of Mitchell's first claim was neither contrary to nor an unreasonable application of the controlling Strickland principles upon which the Court expressly relied, nor was it based on an unreasonable interpretation of the facts. Therefore, federal relief is likewise unavailable for that claim, Williams, 529 U.S. at 412-13, and respondent's motion to dismiss this claim must be granted.

In his second claim, Mitchell contends that he received ineffective assistance of counsel when his second trial attorney failed to present evidence which would have called into question the credibility of the Commonwealth's case and might have altered the outcome of the trial. The Virginia Supreme Court found this assertion to be without merit for the following reasons:

> In claim (2), petitioner alleges he was denied the effective assistance of counsel because counsel failed to introduce the utility bill, picture of the mailboxes, and testimony from two witnesses who also lived in the apartment home in order to 'attack the Commonwealth's case and ... to strike all of their evidence.' Petitioner also claims that counsel should have used this evidence to obtain a second suppression hearing.
>
> The Court holds that claim (2) fails to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript and the affidavit of counsel, demonstrates that, upon execution of the search warrant, petitioner answered the door, retreated to a bedroom containing a substantial amount of cocaine, and was found with cocaine in his pocket. Even if counsel had introduced the utility bill, pictures of the mailboxes, and additional

8

> testimony demonstrating that other people lived at that address, the evidence still proved that petitioner was found in the residence in close proximity to a substantial amount of cocaine. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mitchell v. Warden, supra. Resp. Ex. 7 at 4 - 5.

As with its resolution of Mitchell's first claim, the Virginia Supreme Court's foregoing determination was not based on an unreasonable determination of the facts, nor was its conclusion contrary to or an unreasonable application of controlling federal law. Therefore, Mitchell is precluded from federal relief for that claim. Williams, 529 U.S. at 412-13.

Mitchell's third claim, where he argues that the Virginia Supreme Court's dismissal of his state habeas corpus application should be deemed "void" as it resulted from "fraud upon the court," is not a cognizable predicate for federal habeas corpus relief. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a): Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Mitchell in his third claim alleges only that a state court incorrectly applied state law in the state habeas corpus process; he does not challenge the constitutionality of his conviction. Therefore, that claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) (holding claims relating only to state court's adjudication of state postconviction motion are not cognizable in § 2254); Wright, 151 F.3d at 159 (holding that claims challenging "Virginia's state habeas corpus proceedings, cannot provide a basis for federal habeas corpus relief").

In his fourth claim, as expressed in the amendment to his initial habeas corpus application,

9

Mitchell contends that counsel rendered ineffective assistance and prejudiced Mitchell's defense by failing to object when the court considered false or inaccurate information at sentencing. Specifically, Mitchell asserts that the presentence investigation report incorrectly stated that he was caught with 18, rather than 11, grams of crack cocaine. However, in the state habeas corpus proceeding, the Virginia Supreme Court rejected that argument on the following holding:

> In claim (5), petitioner alleges he was denied the effective assistance of counsel because counsel failed to object at sentencing to the amount of drugs 'involved in [the] case.' Petitioner contends that, had counsel objected, the case could have been continued for re-sentencing.
>
> The Court holds that claim (2) fails to satisfy the 'performance' prong of the two-part test enunciated in Strickland. Petitioner was sentenced within the range set by the legislature, and a significant amount of his sentence was suspended. Furthermore, petitioner fails to articulate how a continuance of his sentencing hearing would have impacted the trial court's ruling. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mitchell v. Warden, supra. Resp. Ex. 7 at 5. As this conclusion was factually reasonable and in accord with the principles of Strickland, supra, Mitchell is entitled to no federal relief on this claim. Williams, 529 U.S. at 412-13.

### IV.

For the foregoing reasons, this petition must be dismissed. An appropriate Order shall issue.

Entered this 12th day of January 2010.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge